

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| DONNY FRANK IVESTER, JR.,  §<br>　　　　Plaintiff,　　　　　　§<br>　　　　　　　　　　　　　　§<br>vs.　　　　　　　　　　　　§　　CIVIL ACTION NO. 8:14-04521-MGL<br>　　　　　　　　　　　　　　§<br>WAL-MART STORES, INC.; WAL-MART §<br>STORES EAST, LP; and WAL-MART §<br>STORES EAST, INC.,　　　　§<br>　　　　Defendants.　　　　§ | |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.　INTRODUCTION

This is a products liability action. The Court has jurisdiction over the matter under 28 U.S.C. §§ 1332 and 1367. Pending before the Court is Defendants' motion for partial summary judgment. ECF No. 58. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court that Defendants' motion will be granted in part and denied in part.

## II.　FACTUAL AND PROCEDURAL HISTORY

This action arose out of an incident on February 1, 2014, when Plaintiff suffered injuries from the explosion of a portable consumer gas can manufactured by Blitz, U.S.A., Inc., which Plaintiff purchased from Wal-Mart in the spring of 2003. *Id.* at 5; ECF No. 63 at 3-4. Taking the

facts in the light most favorable to Plaintiff, the relevant facts for purposes of this motion are as follows:

Plaintiff purchased the gas can at issue from Wal-Mart in Seneca, South Carolina, in the spring of 2003, and he regularly used the item over the next eleven years to fuel his lawnmower, chainsaw, four-wheeler, and generator. ECF No. 58 at 6. Plaintiff also owned about ten other portable consumer gas cans over the same time period and used them thousands of times. *Id.* (citing Pl.'s Dep. at 58:17-59:9, 80:11-19, 83:21-25).

This particular gas can had warnings on both sides of the can. *Id.* One side of the can warns:

GASOLINE

DANGER

EXTREMELY FLAMMABLE

VAPORS CAN EXPLODE

HARMFUL OR FATAL IF SWALLOWED

IF SWALLOWED, DO NOT INDUCE VOMITING. CALL PHYSICIAN IMMEDIATELY. KEEP OUT OF REACH OF CHILDREN. AVOID PROLONGED BREATHING OF VAPORS. DO NOT SIPHON BY MOUTH. DO NOT STORE IN VEHICLE OR LIVING SPACE. STORE AND USE IN WELL-VENTILATED AREA. VAPORS CAN BE IGNITED BY A SPARK OR FLAME SOURCE MANY FEET AWAY. KEEP AWAY FROM FLAME, PILOT LIGHT, STOVES, HEATERS, ELECTRIC MOTORS, AND OTHER SOURCES OF IGNITION. KEEP CONTAINER CLOSED. PLACE CONTAINER ON GROUND WHEN FILLING.

*Id.* The other warns:

GASOLINE

DANGER

EXTREMELY FLAMMABLE

VAPORS CAN EXPLODE

HARMFUL OR FATAL IF SWALLOWED

KEEP OUT OF REACH

OR USE BY CHILDREN

*Id.* at 7.  Plaintiff knew of the existence of these warnings on the sides of his gas can, but he chose not to read them because he believed he was well-informed about the dangers of gasoline.  *Id.* (citing Pl.'s Dep. at 102:5-109:2, 178:14-22).

On February 1, 2014, Plaintiff attended a family barbeque at his aunt and uncle's house.  *Id.*  During the barbeque, Plaintiff started a fire in a metal fire pit in the backyard using some old scrap wood.  *Id.*  Around 10:30 p.m., Plaintiff noticed that the fire appeared to have burned out, and he put some additional scrap pieces of wood in the fire pit to start the fire again.  *Id.*; ECF No. 63 at 4.  When it still appeared that no fire was burning, Plaintiff poured gasoline from his gas can onto the wood in an attempt to ignite the wood.  ECF No. 58 at 8; ECF No. 63 at 4.  Plaintiff claims that as he poured the gasoline onto the wood, the gasoline vapors ignited, a flash back occurred, and the flame entered into the gas can, causing the gas can to explode.  ECF No. 63 at 4.  The explosion caused severe injury to Plaintiff, as he suffered extensive burns.  *Id.* at 3.  Notably, the firefighter and the police officer who responded to the scene of the incident observed hot coals in the fire pit.  ECF No. 64 at 6-7.

Plaintiff initiated this lawsuit in this Court on November 25, 2014.  ECF No. 1.  In his Complaint, Plaintiff alleges four causes of action against Defendants: (1) design defect under the South Carolina Defective Products Act (SCDPA), S.C. Code Ann. § 15-73-10; (2) failure to warn; (3) negligence; and (4) breach of the implied warranty of merchantability.  *Id.*

Defendants filed their motion for partial summary judgment on May 2, 2016.  ECF No. 48.  Plaintiff filed his response in opposition on May 19, 2016, ECF No. 63, and Defendants filed their

reply on May 31, 2016, ECF No. 64. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motion.

### III. STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## IV.    CONTENTIONS OF THE PARTIES

Defendants argue that Plaintiff's claim alleging a failure to warn must fail as a matter of law. ECF No. 58 at 8-17. Moreover, Defendants propound that certain of the claims in Plaintiff's negligence and breach of warranty claims should be dismissed because, according to Defendants, these allegations are based on Plaintiff's improper reliance on post-distribution evidence, *i.e.*, after Plaintiff purchased his gas can in 2003. ECF No. 64 at 1. For example, Defendants believe that several of Plaintiff's allegations are premised upon a purported post-sale duty to warn, repair, or recall the allegedly defective gas can. ECF No. 58 at 17-18. As to Plaintiff's breach of warranty claim alone, Defendants maintain that it fails because Plaintiff neglected to use his gas can in accordance with its "ordinary purposes," and, in any event, Defendants avouch that they expressly warned Plaintiff of the danger the gas can posed through the warnings on the sides of the can. *Id.* at 18-20. Defendants asseverate that the warnings were adequate as a matter of law, and because

Plaintiff used his gas can contrary to its warnings, he is unable to prevail on his breach of warranty claim.  ECF No. 64 at 2-7.

In his response, Plaintiff stipulates to the dismissal with prejudice of his failure to warn claim.  ECF No. 63 at 1.  Plaintiff insists, however, that none of the allegations in his negligence or breach of warranty claims are based on Defendants' post-distribution conduct.  *Id.*

Moreover, Plaintiff urges that the Court should deny Defendants' motion for partial summary judgment as to his breach of warranty claims.  *Id.* at 2, 6-11.  Plaintiff posits that the defense of misuse in a products liability case is a question of fact for the jury that turns on whether the use was reasonably foreseeable or contemplated by Defendants.  *Id.*  Accordingly, Plaintiff maintains that Defendants contemplated or should have reasonably foreseen Plaintiff's using his gas can to pour gasoline to start the fire, and he contends that his actions were in accordance with the ordinary use of a gas can.  *Id.*  The Court will consider each of Plaintiff's claims seriatim.

## V.     DISCUSSION AND ANALYSIS

### A.     Plaintiff's Failure to Warn Claim

As noted above, Plaintiff agrees and stipulates to the dismissal of his failure to warn claim with prejudice.  *Id.* at 1.  Therefore, the Court will grant Defendants' motion for partial summary judgment as to Plaintiff's failure to warn claim.

### B.     Plaintiff's Claims Purportedly Based on Post-Distribution Conduct

As previously explained, Defendants attest that certain of the claims in Plaintiff's negligence and breach of warranty claims are based on Plaintiff's improper reliance on post-distribution evidence.  ECF No. 64 at 1.  According to Defendants, these claims violate the rule preventing a

6

plaintiff from relying on post-distribution evidence in a products liability case. ECF No. 58 at 17-18; *see Branham v. Ford Motor Co.*, 701 S.E.2d 5, 17-19 (S.C. 2010) ("The use of post-distribution evidence to evaluate a product's design through the lens of hindsight is improper.").

However, Plaintiff responds by asserting that none of his claims are based on Defendants' post-distribution conduct. ECF No. 63 at 1. Rather, Plaintiff explains that his claims all relate to things Defendants failed to do prior to distributing the gas can at issue. *Id.* at 2. After examining the Complaint and taking the facts in the light most favorable to Plaintiff, the Court concludes that none of Plaintiff's claims are based on Defendants' post-distribution conduct. Therefore, the Court will deny Defendants' motion for partial summary judgment as to Plaintiff's negligence and breach of warranty claims.

### C. Plaintiff's Breach of Warranty Claim

Next, Defendants argue that Plaintiff's breach of warranty claim must fail because Plaintiff neglected to use his gas can in accordance with its "ordinary purposes," and, in any event, Defendants contend that they expressly warned Plaintiff of the danger the gas can posed through the warnings on the sides of the can. ECF No. 58 at 18-20. The Uniform Commercial Code (U.C.C.) contains the test for the implied warranty of merchantability at U.C.C. § 2-314, and South Carolina has adopted the U.C.C. test for the implied warranty of merchantability at S.C. Code Ann. § 36-2-314. Specifically, South Carolina law provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." S.C. Code Ann. § 36-2-314(1). The statute further states that "[g]oods to be merchantable must be at least such as . . . are fit for the ordinary purposes for which such goods are used." *Id.* § 36-2-314(2).

7

As already noted, in response to Defendants' argument, Plaintiff posits that the defense of misuse in a products liability case is a question of fact for the jury that turns on whether the use was reasonably foreseeable or contemplated by Defendants. ECF No. 63 at 2, 6-11. Importantly, Plaintiff presents evidence that Defendants were certainly aware prior to 2003 that consumers of gasoline cans would use such cans and the gasoline therein in relation to starting fires or burning trash or debris. *Id.* at 4-5. Because there are questions of fact present that must be decided by a jury, the motion for summary judgment on Plaintiff's breach of warranty claim will be denied.

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Defendants' motion for partial summary judgment is **GRANTED** as to Plaintiff's failure to warn claim and **DENIED** as to Plaintiff's negligence claim and his claim for breach of the implied warranty of merchantability.

**IT IS SO ORDERED**.

Signed this 20th day of June, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE